IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AUTHOR JAMES MANNING JR., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:25-cv-37-JDK-JDL |
| LONGVIEW SOCIAL SECURITY OFFICE, | § § § § | |
| Defendant. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Author James Manning Jr., proceeding pro se, filed this lawsuit on February 4, 2025. Docket No. 1. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition of the action.

On February 6, 2025, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case with prejudice as frivolous, bar Plaintiff from sending any pleadings or filings by email, and warn Plaintiff that if he continues filing frivolous lawsuits it would result in sanctions whereby no new lawsuits will be accepted unless filed by a licensed attorney enrolled to practice in the U.S. District Court for the Eastern District of Texas and the full filing fee is paid at the outset. Docket No. 4. Plaintiff filed timely objections. Docket No. 5.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28

1

U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff argues (1) Defendant is not immune from suit because the "United States Federal Court . . . is the court designated for lawsuits [against] United States Agencies," and (2) the Report erred in denying Plaintiff the ability to file a new case.  Docket No. 5.

Plaintiff's first objection is unavailing.  The Report properly found that Plaintiff may not sue the Sixth Court of Appeals of Texas.  Docket No. 4 at 3–4.  The Report, liberally construing Plaintiff's complaint, determined that the Sixth Court of Appeals was the "only Defendant that Plaintiff attempts to sue."  *Id.* at 3.  The Court agrees.  Plaintiff seeks to sue the Sixth Court of Appeals because it denied his motion for a new trial in a state court case.  *See* Docket No. 1 at 1; Docket No. 1-14.  Plaintiff cannot sue the Sixth Court of Appeals.  *See Fleming v. Sixth Dist. Court of Lamar Cnty.*, 2020 WL 8299710, at *2 (E.D. Tex. Dec. 23, 2020) ("Federal courts in Texas have uniformly held that courts are non-jural entities that are not subject to suit."), *report and recommendation adopted*, 2021 WL 274444 (E.D. Tex. Jan. 27, 2021).  The Sixth Court of Appeals, moreover, is immune from suit under the Eleventh Amendment.  *See Florance v. Bush*, 2010 WL 2730615, at *7 (N.D. Tex. May 25, 2010), *report and recommendation adopted*, 2010 WL 2730648 (N.D. Tex. July 8, 2010).  The

2

Court therefore agrees that Plaintiff's claims are legally frivolous, and that Plaintiff should not be afforded an opportunity to amend. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (explaining that a complaint is legally frivolous if the defendant is clearly immune from suit). Plaintiff's first objection is overruled.

Plaintiff's second objection is similarly unpersuasive. Plaintiff argues that the Report erred in denying his ability to file a new case in the United States District Court. Docket No. 5. It is unclear from Plaintiff's objections whether he is referring to the Report's recommendation that his claims against Defendant are frivolous, or whether the objection is to the Report's recommendation of denying his motion for leave to file by email. The objection is overruled under either interpretation. If the former, the Court explained above why Plaintiff's claims are frivolous. If the latter, the Report correctly found that the Court's local rules only permit two methods of filing: the Court's electronic filing system or by paper. *See* Loc. R. CV-5(a)–(b). The Court agrees with the Report's recommendation that Plaintiff is not permitted to file any pleading or documents by email. The Clerk of Court is directed not to accept any future email filings from Plaintiff. Plaintiff's second objection is overruled.

Finally, the Report noted that at the time of filing, Plaintiff had filed ten cases in this district. Docket No. 4 at 4. Six were dismissed with prejudice for failure to state a claim, one was remanded to state court, and the others were dismissed because Plaintiff continuously attempts to remove his own state court cases. *Id.* (collecting cases). In short, Plaintiff is not filing meritorious cases.

Plaintiff's repeated filing of frivolous actions is an abuse of the judicial process. "[N]o one, rich or poor, is entitled to abuse the judicial process." *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975). Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). An individual may be barred from filing lawsuits within the district court without prior court approval. *See Matter of United Markets Int'l, Inc.*, 24 F.3d 650, 656 (5th Cir. 1994); *Vinson v. Heckmann*, 940 F.2d 114, 116–17 (5th Cir. 1991); *Farguson*, 808 F.2d at 360.

Plaintiff is therefore warned that continued filing of frivolous cases in this Court will result in sanctions whereby no new lawsuits will be accepted from Plaintiff unless such lawsuit is filed by a licensed attorney enrolled to practice in the U.S. District Court for the Eastern District of Texas and the full filing fee is paid at the outset of the case. *See, e.g.*, *Flores v. U.S. Dep't of Just.*, 2021 WL 8055537, at *2 (E.D. Tex. Feb. 4, 2021), *report and recommendation adopted*, 2022 WL 1105671 (E.D. Tex. Apr. 13, 2022); *Hicks v. Skeen*, No. 6:18-cv-400 (E.D. Tex. Jan. 14, 2020), ECF No. 23 (requiring further filings to come from a licensed attorney).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 5) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 4) as the opinion of the District Court.

Plaintiff's claims are **DISMISSED** with prejudice. Plaintiff is **BARRED** from filing any pleadings or documents by email and the Clerk of Court is directed not to accept any future filings from Plaintiff through email. Plaintiff is further **WARNED** that continuous filing of frivolous cases in this Court will result in sanctions as discussed above.

So **ORDERED** and **SIGNED** this **17th** day of **February, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE